UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-192-RJC

IN RE:

MATTHEW ALAN JENKINS,
f/d/b/a SHEPHARD SERVICE CO.,    )
                                 )
        **Debtors.**             )
_____  )
                                 )
MATTHEW ALAN JENKINS             )
                                 )
        **Appellant,**           )
                                 )
    v.                           )
                                 )                **ORDER**
                                 )
JAMES T. WARD SR. and            )
LINDA SIMPSON,                   )
                                 )
        **Appellees.**           )
_____  )

**THIS MATTER** comes before the Court on Appellant's Notice of Appeal from Bankruptcy Court, (Doc. 1), Appellant's Brief in Support, (Doc. 4), Appellees' Brief in Response (Doc. 5), and Appellant's Reply Brief (Doc. 6). It is ripe for review.

**I.    BACKGROUND**

On April 11, 2012, Matthew Alan Jenkins (Appellant/Debtor) filed a pro se chapter 7 petition (Case No: 3:12-br-50413) in the bankruptcy court of this district (Bankr. Doc. 1). On May 14, 2012, the first meeting of the creditors (creditors meeting) took place under 11 U.S.C. § 341, but was not concluded. (Bankr. Doc. 4). On June 18, 2012, Appellees Ward and Simpson (Appellees) filed a joint motion requesting an extension of the deadline for objecting to the Debtor's discharge. (Bankr. Doc. 90). The Bankruptcy Court granted the motion in an order

1

issued on July 2, 2012 (July 2 order) and established the deadline for parties in interest to object to Appellant's discharge as "sixty (60) days after the meeting of creditors pursuant to 11 U.S.C. § 341 has been adjourned." (Bankr. Doc. 125). On July 11, 2012, the Bankruptcy Judge entered an order finding the Appellant in contempt for, *inter alia*, failing to respond to emails requests regarding confirmation of a date for the continued creditors meeting and failing to appear at the creditors meeting of July 11, 2012. (Bankr. Doc. 129). The contempt order provided that the Appellant could purge his contempt by appearing for a continued creditors meeting to be held the following week. (Id.).

A creditors meeting was held on July 19, 2012, which Appellant attended via telephone. At the end of the meeting, the Appellee's representative stated the following:

> Mr. Jenkins, I am not going to conclude the meeting today. I am going to talk to the trustee and, if he determines that we can adjourn the meeting, we will file notice of that, but officially the meeting is continued.

(Appellant's Brief: Doc. 4 at 5).

The Appellant did not object to the continuance of the creditors meeting at that time or in the weeks afterward. The Trustee did not file with the Bankruptcy Court a date and time for a subsequent creditors meeting. On September 26, 2012, Appellees brought a complaint against Appellant (Adversary Proceeding No. 12-03223) seeking the denial of the Debtor's bankruptcy discharge. (Bankr. Doc. 146). As of the date of the complaint, no entry had been made on the docket regarding an adjournment or conclusion of the meeting of creditors.

On October 19, 2012, the Appellant filed his answer in which he objected, among other grounds, that the complaint was time-barred under the July 2, 2012 order. On January 22, 2013, the Appellee moved for Summary Judgment. On March 13, 2013, the Bankruptcy Court found that Appellee's complaint was not time-barred, granted summary judgment for Appellees, and

denied debtor's discharge under 11 U.S.C. §§ 727(a)(2) & (a)(4)(A) on the grounds that the debtor had transferred his property to his wife with the intent to defraud a creditor or the estate and made false statements under oath by failing to disclose certain assets or transactions. (Bankr. Doc. 180).

**II.   STANDARD OF REVIEW**

This matter relates to an objection to discharge and is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Additionally, the action both stems from the bankruptcy itself and would be necessarily resolved in the claims allowance process. See In re Somerset Properties SPE, LLC, 2012 WL 387791, at *4 (Bankr. E.D.N.C. Sept. 6, 2012); In re The McAlpine Group, LLC, 2012 WL 6138195, at *4-5 (Bankr. W.D.N.C. Dec. 11, 2012). Accordingly, the Bankruptcy Court possessed the constitutional authority to enter a final judgment, and this matter is properly regarded as an appeal of the bankruptcy court's decision. See Stern v. Marshall, 131 S. Ct. 2594 (2011).

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of the decisions of bankruptcy courts. A bankruptcy court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. Zurich American Ins. Co. v. Tressler (In re J.A. Jones Inc.), 492 F.3d 242 (4th Cir. 2007).

Summary judgment in bankruptcy proceedings is governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure. In re Bernstein, 197 B.R. 475, 477 (Bankr. D.Md. 1996). Summary judgment is proper where the materials in the record demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court construes all inferences in favor of the non-moving party. A genuine issue of material fact exists

where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III. ANALYSIS

The Appellant limits his appeal to the discrete question of whether the Bankruptcy Court erred by failing to dismiss the Appellee's complaint as time-barred. Accordingly, the Court likewise limits its discussion to this issue. Appellant presents a simple and cogent argument that can be summarized as follows: that (1) the representative of the trustee, at the conclusion of the July 19 meeting, failed to set a date and time for the continuance of the creditors meeting; (2) that following the meeting, the trustee failed to file with the bankruptcy court within a reasonable time the date and time for a subsequent creditors meeting; (3) that, by operation of law, the creditors meeting effectively concluded on July 19; and (4) that the September 26 complaint fell outside of the period allowed under the Federal Rules of Bankruptcy Procedure as well as the sixty day extension provided by the Bankruptcy Judge. The Court examines de novo whether Appellee's September 26 complaint seeking discharge was time-barred.

### A. Rules of Bankruptcy Procedure

The analysis begins with an examination of the rules of bankruptcy procedure and the relevant order from the Bankruptcy Judge. Federal Rule of Bankruptcy Procedure 4004(a) provides that, in a chapter 7 case, a complaint objecting to the debtor's discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Some courts have held that the term "first date" is not construed to designate the initiation of a creditors meeting, but its conclusion. See In re Molitor, 395 B.R. 197, 203 (S.D.Ga. 2008) (discussing the historical usage of the term "first meeting of creditors" and finding that a 10 day

4

deadline "after the date of the first meeting of creditors" under 11 U.S.C. § 704(b)(1)(A) runs from "the conclusion of the meeting of creditors.")

Rule 4004(b) allows the bankruptcy court to extend the time for cause. FED. R. BANKR. P. 4004(b). The trustee obtained such an extension from the Bankruptcy Court in the form of the July 2 order which extended the deadline until "sixty (60) days after the meeting of creditors pursuant to 11 U.S.C. § 341 has been adjourned." Rule 2003 establishes procedures for adjournment and provides that the creditors meeting "may be adjourned from time to time by announcement of the meeting of the adjourned time and date." FED. R. BANKR. P. 2003(e). Additionally, the presiding official "shall promptly file a statement specifying the date and time to which the meeting is adjourned." Id.

The express language of the July 2 order from the Bankruptcy Judge establishes that the period for filing objections commences upon the adjournment of the creditors meeting by the presiding officer. However, by implication, it is clear that the conclusion of the creditors meeting must likewise trigger the beginning of the filing period as to hold otherwise would allow the trustee to vitiate any deadlines by avoiding the formal requirements of adjourning the meeting. Here, Appellant requests this Court to find, as a matter of law, that the creditors meeting had been definitively adjourned or concluded as opposed to continued *sine die* – that is, continued without setting a date for a subsequent meeting.

The determination of whether a creditors meeting has been adjourned, continued *sine die*, or concluded has traditionally been a fact specific inquiry that resists broad distinctions. While Rule 2003(e) establishes practices related to adjournment, neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure specify the manner in which the creditors meeting is to be concluded. In re Cherry, 341 B.R. 581, 585 (Bankr. S.D.Tex. 2006). A prior iteration of Rule

5

2003(e) did not impose a requirement to file a statement with the bankruptcy court specifying the date and time to which the meeting is adjourned. In 2011, the Supreme Court approved changes to the rule to require such filing. Appellant contends that the changes were enacted in order to eliminate continuances *sine die* where trustees failed to properly conclude creditors meetings for the purpose of avoiding the strict time requirements for objecting to a debtor's exemptions or discharge.

The Court agrees with Appellant's contention insofar as the language of the amended Rule 2003(e) imposes more stringent requirements upon trustees in adjourning creditors meetings and counters the ability of trustees to obtain continuances of unspecified length for the sole purpose of avoiding deadlines to object to discharge or exemption.

B.     Precedents

Circuit courts that have addressed these issues have done so almost exclusively in the context of objections to exemptions under Rule 4003, which requires a party in interest to file objection within thirty (30) days after the conclusion of the creditors meeting. FED. R. BANKR. P. 4003(b)(1). While dealing with similar factual scenarios, objections to discharge are governed by Rule 4004, which provides that objections shall be filed "no later than 60 days after the first date set for the meeting of creditors." FED. R. BANKR. P. 4004(a). In the context of the thirty day deadline to object to exemptions under Rule 4003, courts have held that allowing trustees to adjourn meetings indefinitely beyond thirty days effectively nullified the thirty day requirement. See Smith v. Kennedy (In re Smith), 235 F.3d 472, 476-77 (9th Cir. 2000); In re Levitt, 137 B.R. 881, 883 (Bankr. D. Mass. 1992). Here, although the presider stated on the record that the meeting was not concluded, the failure to file within sixty days a time and date of a subsequent

meeting supports Appellants contention that the creditors meeting had been effectively concluded.

The Fourth Circuit has not addressed the issue of how long a trustee may adjourn or continue a creditors meeting. Those circuits that have addressed the issue have done so in the context of affixing the period with respect to objections to exemptions under Rule 4003. Addressing this issue, the circuits are split on whether to adopt a bright-line rule or evaluate the issue on a case-by-case basis. The First, Eighth and Ninth Circuits have adopted the bright-line approach in which a meeting continued without a follow-up date is deemed concluded on the date of the initial meeting for the purpose of determining the beginning of the period in which to file objections. In re Smith, 235 F.3d at 476; US v. Cushing (In re Cushing), 401 B.R. 528 (1st Cir. BAP 2009); McGowan v. Ries (In re McGowan), 226 B.R. 13 (8th Cir. BAP 1998).

Conversely, other courts, most notably the Fifth Circuit, employ a case-by-case approach to determining the conclusion date of the creditors meeting. Peres v. Sherman (In re Peres), 530 F.3d 375 (5th Cir. 2008); In re Williams, 400 B.R. 479 (Bankr. D. Md. 2008); In re James, 260 B.R. 368, 372 (Bankr. E.D.N.C. 2001); In re Brown, 221 B.R. 902, 906 (Bankr. M.D.Fla. 1998).

Under the case-by-case approach, courts examine circumstantial evidence, to include at least some of the following factors, in regards to the reasonableness of a trustee's delay in adjourning the meeting: (1) the length of the delay; (2) the complexity of the estate; (3) the cooperativeness of the debtor; and, (4) the existence of any ambiguity in the record whether the trustee continued or concluded the meeting. In re Peres, 530 F.3d at 378.

This Court follows other courts in this Circuit in finding the case by case analysis most suitable for addressing the prerogatives of the various parties in light of the objectives of bankruptcy law. Here, although certain factors favor the Appellant, viewed in whole, the facts

7

do not support a finding that the Appellee's objection to the discharge was time-barred. The first factor certainly favors the Appellant. The length of delay between the creditors meeting and filing of objections exceeds, albeit only by several days, the sixty day limit set out in Rule 4004(a) of the Federal Rules of Bankruptcy Procedure. The second factor, while providing support for both sides, is not of great import to the case. The complexity of Appellant's estate is not extensive – but is almost wholly the result of Appellant's evasive posture and lack of cooperation. Indeed, the third factor is most significant here. The record clearly indicates a pattern of behavior on Appellant's part that is best characterized as evasive, if not outright deceptive, a fact reflected in the contempt order issued by the Bankruptcy Judge on July 11, 2012 and the Bankruptcy Judge's finding under 11 U.S.C. § 727 that debtor had failed to provide wholly accurate information regarding his bankruptcy estate. The evidentiary record is conclusive that Appellant offered scant cooperation to the trustee during all relevant periods and that he transferred assets to his wife in order to impede the trustee's access to such assets.

Additionally, significant ambiguity exists as to whether the July 19 meeting was, in fact, concluded or was continued *sine dia*. Notwithstanding the express language from the presider that he was "not going to conclude" the meeting and that "officially the meeting is continued," the failure to file with the bankruptcy court a date and time for a continued meeting clearly favors the Appellant. Finally, the fact that the filing related to a denial of discharge rather than an exemption argues against the application of a rigid application of the rule. Exemptions are claimed individually, and to allow for an indefinite period to object to such would defeat the objective of having an efficient process for bankruptcy. An objection to a discharge is a more weighty consideration and requires a firmer factual basis less suited to a mechanistic application of the rule.

8

On balance, the Court finds the lack of cooperation of Appellant to be the dominant – indeed dispositive – factor in this case. The purpose of the deadlines for objection is to afford a speedy and efficient process that allows for debtors to emerge quickly from bankruptcy. Here, the evidentiary record establishes that Appellant, at virtually every turn, sought to delay such process by failing to cooperate with the trustee. Viewing all of the facts, the Court finds that the September 26 Complaint objecting to discharge is not time-barred.

Finally, the Court has reviewed the facts and conclusions of law of the Summary Judgment order issued by the Bankruptcy Judge, finds them to be in accordance with the Bankruptcy Code and that there is no clear error present. Accordingly, the Court **AFFIRMS** the award of Summary Judgment for Appellees. (Bankr. Doc. 180).

## IV. CONCLUSION

1. The Bankruptcy Judge's Granting of Summary Judgment is **AFFIRMED.**
2. The Clerk of Court is directed to close this case.

Signed: March 31, 2014

Robert J. Conrad, Jr.
United States District Judge